**Hany FELOBOUS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 03–71767.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided Feb. 25, 2005.

Leslie J. Frank, Esq., Frank, Greenberg and Simone, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, John C. Cunningham, Esq., San Francisco, CA, Shelley R. Goad, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM **

Hany Felobous petitions for review of an order of the Board of Immigration Appeals affirming the decision of the Immigration Judge finding Felobous subject to an order of removal from the United States and denying Felobous's application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we remand for a further hearing.

Because the parties are familiar with the facts, we recite them only as necessary for this decision.

Felobous argues the IJ's reason for not believing his explanation for the inconsistencies between his written application and his oral testimony was not supported by substantial evidence in the record. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We agree.

---

* Alberto R. Gonzales, is substituted for his predecessor, John Ashcroft, as United States Attorney General, Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

When asked by the IJ for an explanation concerning the inconsistencies, Felobous attempted to respond but was interrupted by the IJ:

IJ: Your application has your signature, there is not a place in this application to show who prepared your application, but to who's office did you take it?

Felobous: The office was called H & A.

. . . .

IJ: It was an office in the community that prepared immigration applications?

Felobous: It said it's an office, for example, if people, if Egyptian Coptics come from Egypt and they need to apply for asylum, they fill out the form. All they ask is the name and the address and—

IJ: All right. Thank you, sir.

The IJ found Felobous's explanation "implausible," stating that

this is an office whose business was to prepare asylum applications for Egyptian Coptics, and it is implausible that they would not ask the respondent to explain what happened to him in Egypt, and why he was applying for asylum, and put that information in the application.

This finding was based on an assumption that the preparation service would fairly and competently represent Felobous's interests. The IJ stated:

[P]ersons who make a living preparing asylum applications would be in a position to ask appropriate questions concerning the asylum application, in fact, the questions in the various blocks were asked, because there are answers, but those answers are indirect [sic] contradiction to the respondent's testimony.

The combination of the IJ cutting short Felobous's attempted explanation concerning the inconsistencies between his written asylum application and his oral testimony

and the IJ's unsupported assumption that the office that prepared the written application would be motivated to complete the application fully and properly leads us to conclude the IJ's adverse credibility finding was not substantially supported by the record. For this reason, we GRANT Felobous's petition for review, VACATE the BIA's determination as to the objective component of asylum eligibility and withholding of deportation, and REMAND to the BIA for remand to the IJ for a further hearing.

REMANDED.